# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF NEW MEXICO

**PATRICK ROMERO,**

      Plaintiff,

vs.                                                           No. CIV 98-1556 JP/LCS

**KENNETH S. APFEL**, **Commissioner,**
**Social Security Administration,**

      Defendant.

## MAGISTRATE JUDGE'S PROPOSED FINDINGS AND RECOMMENDED DISPOSITION

THIS MATTER comes before the Court upon Plaintiff's Motion to Reverse or Remand the Administrative Decision *(Doc. 8)*, filed June 2, 1999. The United States Magistrate Judge, having considered the Motion, the memoranda submitted by the parties, the administrative record and the applicable law, finds that the motion is not well-taken and recommends that it be DENIED.

### Proposed Findings

1. Plaintiff Patrick Romero ("Romero") filed an application for disability insurance benefits with the Social Security Administration on March 13, 1996. In that application, Plaintiff alleged that he suffered from a disabling condition due to ruptured discs and degenerative bone disease. *See* Record at 49. Romero claims the disabling condition began on or about March 31, 1994, when he injured his back while at work. *See id.* Romero's initial claim was disapproved on April 4, 1996. *See* Record at 22. Romero made a timely request for reconsideration, which was also denied on September 11, 1996. *See* Record at 28. Romero also appealed this denial and

requested a hearing before an administrative law judge.

2. The Commissioner's administrative law judge (ALJ) conducted a hearing on Romero's application on August 21, 1997. *See* Record at 13. The ALJ likewise denied the application, finding that the Plaintiff was not disabled at step 5 of the sequential analysis set out in 20 C.F.R. § 404.1520(a)-(f) and *Thompson v. Sullivan,* 987 F.2d 1482, 1487 (10th Cir. 1993). The ALJ found that Romero could not return to his past relevant work, but had a residual functional capacity for at least light work. *See* Record at 14. Based on Romero's age (36 at the time of the hearing), education (high school graduate) and past semi-skilled work as a contractor, the ALJ concluded that Romero had the residual functional capacity to perform a significant number of other jobs in the national economy. *See* Record at 14-15.

3. In the process of reaching step 5 of the analysis, the ALJ concluded that Romero met the special earnings requirements of the Social Security Act, has not engaged in post-onset substantial gainful activity since March 31, 1994 (step 1), has a severe impairment or combination of impairments consisting of post-disc herniation and extrusion (step 2), and cannot return to his past relevant work (step 4). *See* Record at 13. Neither party challenges these findings. The ALJ also concluded at step 3 that Romero's impairments did not meet or equal in severity any of the disorders listed in the Listing of Impairments contained in Appendix 1 to 20 C.F.R. Part 404, Subpart P. ("Listing of Impairments"). *See id.* Plaintiff challenges this finding.

4. Section 1.05 C is the only section contained in the Listing of Impairments that might apply to Romero's condition. That section requires Plaintiff to prove that his condition meets the following definition:

> 1.05 C. Other vertebrogenic disorders (e.g., herniated nucleus puplosus, spinal stenosis) with the following persisting for at least 3 months despite prescribed therapy and expected to last 12 months. With both 1 and 2:

> 1. Pain, muscle spasm, and significant limitation of motion in the spine; and
>
> 2. Appropriate radicular distribution of significant motor loss with muscle weakness and sensory and reflex loss.

5. The ALJ determined at step 3 that Romero's symptoms fell short of the level of severity specified in 1.05 C. In particular, the ALJ noted Romero's limitation of motion was not significant, that there was evidence that Romero exaggerated his pain, and that EMG and nerve conduction tests confirmed no evidence of radiculopathy.

6. The Court's scope of review is limited to whether the ALJ's decision is supported by substantial evidence and whether the ALJ applied the correct legal standards. *See Hamilton v. Secretary of Health and Human Svcs.*, 961 F.2d 1495, 1497-98 (10th Cir. 1992). Evidence is substantial if "a reasonable mind might accept [it] as adequate to support a conclusion." *Andrade v. Secretary of Health and Human Svcs.*, 985 F.2d 1045, 1047 (10th Cir. 1993) (quoting *Broadbent v. Harris*, 698 F.2d 407, 414 (10th Cir. 1983) (citation omitted)).

7. The ALJ's conclusion that Romero's condition did not meet the criteria of 1.05 C is adequately supported by substantial evidence on the record. Although there is some evidence of range of motion limitations, the record does not include objective evidence of *significant* range of motion limitation, and all physicians agree that Romero's condition did not limit his ability to perform light work. Plaintiff points to five references in the record that he asserts demonstrate limited range of motion. *See* Pl.'s Mem. Br. *(Doc. 9)* at 9. None of these references indicate significant range of motion limitation. Page 101 of the Record, the first page of a letter by Dr. Miller to Romero's attorney, recites the history of Romero's complaints. Page 154 of the Record, a follow-up memorandum by Dr. Reeve, states that "[t]he patient continues to have stooped posturing, exaggerated pain affect. He continues to have ROM limitations in the spine." Page

151, another memorandum by Dr. Reeve, states that "[Romero] continues to have complaints of pain, decreased ROM around the lubosacral spine, and his reflexes remain intact." Taken in the context of Dr. Reeve's other memoranda (Record at 145-153) which indicates that Romero had only a five percent impairment rating, no evidence of radiculopathy, and symptom exaggeration, these memoranda do not provide evidence of significant range of motion limitations. Page 90 of the Record, an independent medical examination report by Dr. Caldwell, indicates "Full" spine range of motion. Page 97 of the Record, a report by Dr. Castillo, indicates that Romero "is unable to go through range of motion of his lumbar spine due to perceived pain," but then goes on to state that "[h]is Wadell's are essentially 4/5" which indicates that there is objective evidence that the perceived pain is exaggerated. The record indicates subjective complaints of pain by Romero, but it also indicates reports by two physicians, Dr. Castillo and Dr. Reeve, that he did not display radiculopathy and may have been exaggerating his pain. *See* Record at 144, 150, 152, 153, 154. I conclude that there is substantial evidence that Romero's range of motion was not significantly limited, that Romero exaggerated his pain, and that EMG and nerve conduction tests indicated no evidence of radiculopathy.

8. The record does not show significant or persistent muscle spasm, motor loss, muscle weakness and sensory and reflex loss. The ALJ did not list these as reasons for the decision, however. If Romero had presented evidence of significant range of motion loss and radiculopathy, remand would be required to determine whether these factors are present.

9. There is substantial support for the ALJ's finding that Romero's testimony of disabling pain was contradicted by the evidence as a whole. In addition to the reports by Drs. Castillo and Reeve cited in paragraph 8, *supra*, the functional skills assessment conducted by Mr. Hasselquist indicates that Romero can perform at least at the light to medium physical demand

level.  *See* Record at 157.  That same document indicates that Romero performed well below the predicted exertional levels due to subjective complaints and asserted fear of reinjury, indicating that the test results, if anything, underestimated his lifting, carrying and pushing abilities.  *See id.*

10.  Although I agree with Plaintiff that the ALJ's reference to Romero's walk to Chimayo is incorrect, nonetheless that error is clearly harmless because the record as a whole without that reference provides overwhelming support for the ALJ's conclusion that Romero's pain is not as disabling as he claims it to be.

11.  At step five of the evaluation process, the burden shifts to the Social Security Administration to show that the claimant can perform a significant number of jobs in the national economy.  *See Clifton v. Chater*, 79 F.3d 1007 (10th Cir. 1996).  The ALJ found that Romero was capable of performing light work, and applied the Medical/Vocational Guidelines to determine that Romero's abilities could be adapted to a large number of jobs in the national economy.  Plaintiff disputes the ALJ's finding that he could perform light work.

12.  The ALJ's conclusion that Romero could perform light work is amply supported by the evidence in the record.  The Functional Skills Assessment performed on January 3, 1995 indicates that Romero demonstrated the ability to perform safely at least light work as defined by the *Dictionary of Occupational Titles*.  *See* Record at 157.  That assessment also indicated Romero had occasional tolerance for up to eight hours of sitting per day, up to eight hours of standing per day, and up to eight hours of walking per day.  *See id.* at 158.  The results of the functional assessment were consistent with the reports of Dr. Castillo *(*Record at 144) and Dr. Reeve (Record at 147, 149) and the disability evaluation of Mr. Williams (Record at 169).  Contrary to Plaintiff's assertion that the ALJ failed to consider Mr. Romero's pain, the record indicates that the functional capacity assessment and each of the physicians did consider Romero's

pain in determining that he was capable of performing light work. For example, the functional capacity assessment conclusions were based on Romero's demonstrated abilities despite what the evaluator noted was "very tentative" behavior due to perceived pain and fear of re-injury. *See* Record at 156-57.

13. The record supports the remainder of the ALJ's findings in applying the Medical/Vocational Guidelines. Romero is a high school graduate and younger individual with previous semi-skilled work experience.

### Recommended Disposition

The ALJ applied the correct legal standards and the decision is supported by substantial evidence. I recommend that Plaintiff's motion be denied, the decision of the ALJ affirmed, and this case dismissed. Timely objections to the foregoing may be made pursuant to 28 U.S.C. §636(b)(1)(C). Within ten days after a party is served with a copy of these proposed findings and recommendations that party may file with the Clerk of the District Court written objections to such proposed findings and recommendations. A party must file any objections within the ten day period allowed if that party wants to have appellate review of the proposed findings and recommendations. If no objections are filed, no appellate review will be allowed.

_____
Leslie C. Smith
UNITED STATES MAGISTRATE JUDGE

F:\Brian\98-1556 pfd.wpd